**United States District Court**
For the Northern District of California

1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6   MARK GRIECO,                                    Case No. C-11-05672 JCS

7              Plaintiff,

8       v.                                          **ORDER GRANTING PLAINTIFF'S
                                                    MOTION TO REMAND, DENYING
9   WORLD FUEL SERVICES, INC., and DOES            PLAINTIFF'S REQUEST FOR FEES
    1 through 50, inclusive,                        AND COSTS, AND DENYING
10                                                  DEFENDANT'S MOTION TO COMPEL
             Defendants.                            ARBITRATION**

11

12   _____/

13

14  **I.      INTRODUCTION**

15          Plaintiff initiated this action on November 17, 2011 in the Superior Court of the City and

16  County of San Francisco, seeking declaratory and injunctive relief regarding a disputed employment

17  agreement between the Plaintiff, Mark Grieco, and his former employer, the Defendant, World Fuel

18  Services, Inc. ("WFS").  Defendant removed the case to federal court based on diversity jurisdiction.

19  Plaintiff now brings a Motion to Remand and for Fees and Costs ("Motion to Remand").  Defendant

20  WFS opposes the Remand Motion, and brings a Motion to Compel Arbitration or, in the Alternative,

21  to Transfer Venue ("Motion to Compel Arbitration"), asking the Court to dismiss the complaint or

22  stay the proceedings pending arbitration.  Plaintiff opposes Defendant's motion.  The Court finds

23  that the motions are suitable for disposition without oral argument pursuant to Local Rule 7-1(b).

24  Accordingly, the hearing on the motions set for Friday, March 2, 2012 at 9:30 a.m. is VACATED.

25  For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand, DENIES Plaintiff's

26

27

28

1  request for fees and costs, and DENIES Defendant's Motion to Compel Arbitration without

2  prejudice.[1]

3  **II.     BACKGROUND**

4        **A.      The Complaint**

5        In his Complaint, Plaintiff alleges that Defendant WFS is a Florida corporation with its

6  principal place of business in Florida.  Complaint, ¶ 4.  After twenty years of employment with

7  WFS, Plaintiff resigned from the company on or about August 31, 2011.  *Id.* at ¶¶ 10, 14.  At the

8  time of his resignation, Plaintiff "work[ed] out of Florida" as a fuel broker of aviation jet fuel.  *Id.* at

9  ¶ 10.  Plaintiff subsequently "accepted employment in California with Chemoil" and "obtained a

10  place of residence in California."  Complaint, ¶¶ 3, 15.  Plaintiff "will be employed . . . and work out

11  of . . . San Francisco."  *Id.* at ¶ 16.

12        WFS is a global leader in the downstream marketing and financing of aviation, marine, and

13  ground transportation fuel products and related services.  *Id.* at ¶ 8.  Chemoil is one of the leading

14  physical suppliers of aviation jet fuel.  *Id.* at ¶ 9.  Chemoil's primary office for its North American

15  trading operation for aviation jet fuel is in San Francisco, California.  *Id.*

16        The employment agreement between the parties contains a noncompete clause, which

17  Plaintiff seeks to have declared invalid and its enforcement enjoined.  *Id.* at ¶¶ 29, 35, 42.  Plaintiff

18  argues that the noncompete provision in the contract is an unlawful restraint of trade and should be

19  declared void.  *Id.* at ¶ 27 (citing Cal. Bus. & Prof. Code §§ 16600 and 17200 *et seq*.; *Application*

20  *Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998)).  Plaintiff also seeks a judgment

21  declaring that, under California law, (1) Plaintiff's employment by Chemoil does not violate any

22  duty owed to WFS, (2) Chemoil may lawfully employ him in California, and (3) he is free to work in

23  his chosen profession.  *Id.* at ¶¶ 29, 35.  Finally, Plaintiff seeks a preliminary and permanent

24  injunction prohibiting the enforcement of the noncompete clause in violation of Section 17200 and

25

26

27        [1]  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant

28  to 28 U.S.C. § 636(c).

*United States District Court*
For the Northern District of California

2

1 prohibiting WFS from commencing a second-filed action in another forum encompassing or

2 involving the same subject matter of this lawsuit. *Id.* at ¶ 42.

3    **B.    Defendant's Notice of Removal**

4    On November 23, 2011, Defendant removed this action to the United States District Court

5 for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant's Notice

6 to Federal Court of Removal ("Removal Notice"), 1. Defendant asserts the Court has jurisdiction

7 based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and that the amount in controversy

8 exceeds $75,000. *Id.* at ¶ 1. Defendant states that WFS is incorporated in Texas and its principal

9 place of business is in Miami, Florida. *Id.* at ¶ 19. Defendant further asserts that "Plaintiff's

10 Complaint establishes that he resides in California, and intends to work and reside in California

11 indefinitely." *Id.* at ¶ 20 (citing Complaint, ¶¶ 3, 15, 16). "As such," Defendant concludes,

12 "Plaintiff resides in the state of California, and is a citizen of that State for purposes of this

13 jurisdictional analysis." *Id.* (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

14 2001)).

15    **C.    Defendant's Motion to Compel Arbitration**

16    On November 30, 2011, Defendant filed its Motion to Compel Arbitration, arguing, among

17 other things, that the arbitration provision in the employment agreement demands that the parties

18 arbitrate the dispute in Miami, Florida. Motion to Compel Arbitration, 1. Plaintiff filed an

19 opposition to Defendant's motion in which he contests that the  arbitration provision is enforceable.

20 Plaintiff's Opposition to Defendant's Motion to Compel Arbitration or, in the Alternative, to

21 Transfer Venue ("Opposition to Motion to Compel Arbitration"), 1-2. Plaintiff did not dispute the

22 Court's jurisdiction. The hearing for Defendant's Motion to Compel Arbitration was eventually set

23 for February 3, 2012. *See* Dkt. No. 16.

24    **D.    Plaintiff's Motion to Remand**

25    Twenty one days after the close of briefing on Defendant's motion, Plaintiff filed his Motion

26 to Remand, stating for the first time in this action that at the time of removal Plaintiff was a resident

27 and citizen of Florida. Motion to Remand, 1. Because WFS is a Florida corporation, diversity does

28

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   not exist. *Id.* Plaintiff provides a transcript of testimony he gave in a related action in Florida state

2   court on December 27, 2011 as evidence of his Florida residency. *Id.* at 3. Plaintiff asserts that he

3   testified to the fact that "he has not yet moved to California," "has never lived in California," and

4   "presently still lives in Florida where he has lived for the past twenty years." *Id.* Plaintiff states that

5   his testimony merely "confirm[s] that he has procured a residence in California, and will relocate [to

6   California] if he is permitted to work in this state." *Id.* (citing Declaration of Stephen Dye in

7   Support of Plaintiff's Motion to Remand ("Dye Decl.") Ex. C (Grieco Testimony Excerpts), 30: 9-

8   31, 11, 62: 16, 63: 2).

9        Plaintiff also argues that he is entitled to the fees and costs he has incurred as the result of

10  removal, amounting to $25,536.39, because WFS "lacked an objectively reasonable basis for

11  removal" and "engaged in bad faith." *Id.* at 6 (citing *Moore v. Permanente Med. Group, Inc.*, 981

12  F.2d 443, 446-47 (9th Cir. 1992); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

13  Plaintiff cites three reasons why Defendant's behavior warrants an order for fees and costs. First,

14  Plaintiff contends that WFS "knew that Greico resided in Florida when it removed his California

15  state case." *Id.* As evidence of this knowledge, Plaintiff points to Defendant's Florida complaint

16  filed on November 21, 2011—four days after Plaintiff filed his California complaint and two days

17  before Defendant removed the California action—where Defendant stated that Plaintiff's "last

18  known place of residence is in Broward County, Florida." *Id.* (citing Dye Decl. Ex. B (Def.'s

19  Florida Complaint), ¶ 3). Second, Plaintiff argues that his complaint did not provide Defendant with

20  a reasonable basis for removal. *Id.* at 7. Nowhere in his complaint, Plaintiff maintains, "did he say:

21  he is a citizen of California; that he presently lives in California; or that he has commenced work for

22  Chemoil in California." *Id.* Plaintiff asserts that, given Defendant's representations to Plaintiff's

23  Florida residency in its Florida complaint, Defendant "plainly had an obligation to verify Grieco's

24  citizenship before removing this action." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

25  1992)). Finally, Plaintiff contends that even if Defendant had an objectively reasonable basis for

26  removal, Defendant was obligated to withdraw its notice of removal after Plaintiff testified to his

27  Florida residency on December 27. *Id.* at 7-8 (citing *Dietrich v. Cooperstein*, 1995 WL 59494, at *4

28

1   (N.D. Cal. Feb. 8, 1995)).  Defendant's failure to do so constitutes bad faith, Plaintiff asserts.  *Id.* at

2   7.

3   ### E.  Defendant's Opposition to the Motion to Remand

4          In Defendant's opposition to Plaintiff's motion, Defendant first objects to Plaintiff's use of

5   his testimony in the Florida action to prove his Florida residency, asserting that the testimony is

6   inadmissible hearsay.  Defendant's Opposition to Plaintiff's Motion to Remand ("Opposition"), 3-4

7   (citing Fed. R. Evid. 801(c)).  Defendant argues that Plaintiff's testimony does not fall under the

8   "former testimony" exception to the hearsay rule because that exception requires the declarant to be

9   unavailable and Plaintiff has made no showing that he is unavailable to testify at this proceeding.  *Id.*

10  at 4 (citing Fed. R. Evid. 804(b)(1)).  Therefore, Defendant concludes, Plaintiff's Florida testimony

11  is inadmissible for asserting the truth of the jurisdictional facts testified to therein.  *Id.* at 4.

12  Defendant acknowledges that, instead of submitting inadmissible evidence, Plaintiff could submit

13  "declaration testimony . . . establishing his domicile and citizenship in Florida."  *Id.*

14          Defendant further contends in its Opposition that Plaintiff's complaint "establishes Plaintiff's

15  domicile in California as a prima facie matter."  *Id.* at 5-6 (citing Complaint, ¶¶ 3, 15, 16).

16  Defendant rejects Plaintiff's suggestion "that his allegation in the Complaint that he *obtained* a

17  residence in California is not an allegation that he actually *resides* in California."  *Id.* at 6.

18  Defendant argues that the only allegations in the Complaint regarding Plaintiff's residence are that

19  he has a residence in California.  *Id.*  Defendant also states that where a prima facie case of

20  citizenship is established, the burden of production on a motion to remand shifts to the plaintiff

21  seeking remand to produce evidence to rebut the jurisdictional bases for removal.  *Id.* at 5 (citing

22  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *District of Columbia v. Murphy*, 314 U.S. 441, 455

23  (1941); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v. Moore*,

24  213 F.2d 446, 448 (5th Cir. 1954); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162 (E.D. Cal.

25  2008)).  Plaintiff here, Defendant contends, "has not submitted *any* admissible evidence of

26  residence, domicile, or citizenship in Florida, or anywhere else for that matter."  *Id.* at 6.

27

28

**United States District Court**
For the Northern District of California

5

**United States District Court**

For the Northern District of California

1  Consequently, Defendant argues that Plaintiff has not met his burden of production on the motion

2  and therefore his motion must be denied.  *Id.*

3        Defendant next argues that even if the Motion to Remand is granted, an award of fees would

4  be inappropriate and would constitute an abuse of discretion because Defendant had a supportable,

5  good-faith basis for removal.  *Id.* at 7 (citing *Schmitt v. Ins. Co. of No. Am.*, 845 F.2d 1546, 1552

6  (9th Cir. 1988); *Solorzano v. Am. Nat'l Ins. Co.*, 609 F. Supp. 144, 146 (C.D. Cal. 1985).  Defendant

7  rejects Plaintiff's assertion that Defendant's statement in its Florida complaint that its last known

8  address for Plaintiff was in Florida constitutes evidence of bad-faith removal.  *Id.*  Rather, Defendant

9  argues, Defendant's knowledge of Plaintiff's last known address is irrelevant; the relevant question

10  for removal "is what Defendant knew based on the jurisdictional allegations in the Complaint in this

11  action . . . ."  *Id.* at 8.  Defendant maintains that it knew "Plaintiff had been maneuvering to accept a

12  position with Chemoil" and feared that Plaintiff would "relocate[] to California and [attempt] to

13  bring suit to prevent enforcement of his obligations."  *Id.*  The allegations in Plaintiff's Complaint

14  "provided [Defendant] with confirmation of its fears."  *Id.*

15        Defendant also rejects Plaintiff's argument that Plaintiff's testimony imposed upon

16  Defendant a duty to remand this action.  *Id.* at 8-9.  Defendant contends that it is "entitled to rely on

17  the allegations pled on the face of the Complaint in removing, and now continuing to assert federal

18  diversity jurisdiction."  *Id.* at 9.  Moreover, to the extent Plaintiff's testimony is relevant and

19  admissible, it shows that Plaintiff presented contradicting allegations as to his residency, Defendant

20  argues.  *Id.*  Plaintiff's testimony—where he stated "that he had no residence in California, was

21  unemployed, and was never asked by Chemoil to relocate to California"—contradicted his

22  Complaint and made it "unclear which set of allegations is true."  *Id.* (citing Declaration of Lucas V.

23  Munoz in Support of Defendant's Opposition to Plaintiff's Motion to Remand, Ex. B (Grieco

24  Testimony Transcript), 29, 31, 47, 49, 69).

25        Finally, Defendant argues that even if Plaintiff is awarded fees and costs, the figure Plaintiff

26  requests is "entirely unreasonable."  *Id.* at 10.

27

28

United States District Court
For the Northern District of California

**F.     Plaintiff's Reply to the Opposition**

Plaintiff's Reply includes a declaration by the Plaintiff wherein he states:

1. I live in Cooper City, Florida. I have lived in Florida for approximately 20 years. I have never lived in California.

2. I have accepted employment with Chemoil Corporation, which is headquartered in California. I have not yet commenced that employment. If I am permitted to work in California, I intend to move to California. For that purpose, I have arranged for a residence in California.

Declaration of Mark Grieco in Support of his Motion to Remand ("Grieco Decl."), 2. Plaintiff argues that his future plan to live in California is consistent with the statements in his Complaint. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Reply"), 4-5. Plaintiff also reasserts his argument that Defendant's alleged subjective knowledge of Plaintiff's Florida residency makes removal and Defendant's unwillingness to stipulate to remand improper. *Id.* at 6-7.

**IV.     ANALYSIS**

**A.     Legal Standard Governing Removal**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Citizenship for diversity jurisdiction purposes is based on the party's "domicile." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A person is domiciled in a location "where he or she

**United States District Court**
For the Northern District of California

1    has established a fixed habitation or abode in a particular place, and [intends] to remain there

2    permanently or indefinitely." *Id.* (quoting *Owens v. Huntling*, 115 F.3d 814, 819 (9th Cir. 1940))

3    (internal quotation marks omitted).  A change in domicile requires both physical presence at a new

4    location and an intent to remain in that new location indefinitely.  *Id.* at 750.

5        The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."

6    *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal

7    jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

8    (citation omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant

9    always has the burden of establishing that removal is proper."  *Id.*

10       **B.    Whether There is Diversity Jurisdiction**

11       The parties do not dispute that WFS has its principal place of business in Florida.  Because a

12   corporation is deemed a citizen of the state in which it has its principal place of business, WFS is

13   considered a citizen of Florida for diversity jurisdiction purposes.[2]  28 U.S.C. § 1332(c)(1).  The

14   only issue is whether Plaintiff was a citizen of Florida or California at the time the action was

15   removed.  If Plaintiff was a citizen of Florida at that time, there will be no diversity and this action

16   must be remanded.

17       Plaintiff supports his Motion to Remand with two pieces of evidence: his declaration

18   testimony and his in-court testimony in a separate action in Florida.  Both items of evidence purport

19   to establish Plaintiff's Florida citizenship.  Defendant does not put forward any evidence of

20   Plaintiff's California citizenship, and instead points to the Complaint as clearly establishing such

21   citizenship.  Even if the Complaint could be read as unambiguously indicating Plaintiff's California

22   residency, the Court finds that Plaintiff's declaration, in the absence of any evidence from Defendant

23   to the contrary, requires this Court to remand the action to state court.  Plaintiff's declaration states

24   that he has "never lived in California," and that he has lived in Florida for twenty years and lives

25

26       [2]  A corporation is also deemed to be a citizen of the state of its incorporation.  28 U.S.C. §
     1332(c)(1).  The parties here present conflicting assertions as to WFS' state of incorporation. According
27   to Plaintiff, it is Florida; Defendant contends it is incorporated in Texas.  The Court need not decide the
     matter, however, because even if WFS is also a citizen of Texas, that fact will not affect the outcome
28   of the diversity jurisdiction analysis.

8

**United States District Court**
For the Northern District of California

1   there currently.  Grieco Decl. at 2.  Plaintiff further states his intention to move to California if he is

2   allowed to work for Chemoil, and that he has "arranged" for a residence in California for that

3   purpose.  *Id.*  In light of this uncontested declaration, the Court cannot conclude that Plaintiff had a

4   physical presence in California and an intent to remain in the state indefinitely at the time of the

5   notice of removal.  *See Lew*, 797 F.2d at 750.  Rather, the declaration suggests that Plaintiff was a

6   citizen of Florida at that time.  Because there is at least a doubt as to the propriety of the removal,

7   federal jurisdiction must be rejected.  *See Gaus*, 980 F.2d at 566.[3]

8         **C.**      **Whether Fees and Costs Should be Awarded**

9         Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just

10  costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

11  U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may

12  award attorney's fees under § 1447(c) only where the removing party lacked an objectively

13  reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees

14  should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The *Martin* court

15  explained that "district courts retain discretion to consider whether unusual circumstances warrant a

16  departure from the rule in a given case."  *Id.*  In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit

17  cautioned that "removal is not objectively unreasonable solely because the removing party's

18  arguments lack merit, or else attorney's fees would always be awarded whenever remand is

19  granted."  518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, the objective reasonableness of the removal

20  depends on the clarity of the applicable law and whether such law "clearly foreclosed" the

21  defendant's arguments for removal.  *Id.* at 1066-67.

22        The Court declines to impose costs and fees in this case given Plaintiff's representations in

23  his Complaint.  Plaintiff asserts in his Complaint that he "accepted employment in California with

24  Chemoil" and "obtained a place of residence in California," and that he "will be employed . . . and

25

26        [3]  The Court does not rely on Plaintiff's Florida testimony in coming to its conclusion.  As
    Defendant points out, the Florida testimony is inadmissible hearsay when offered to prove the truth of
27  the jurisdictional facts in the testimony.  Fed. R. Evid. § 801(c).  The testimony does not fall under the
    "former testimony" exception to the hearsay rule because Plaintiff has given no indication that he is
28  unavailable to provide testimony at this proceeding.  *See* Fed. R. Evid. § 804(b)(1).

1  work out of . . . San Francisco." Complaint at ¶¶ 3, 15, 16. He does not make any indication that he

2  still resides in Florida. In light of these statements and omissions, the Court is satisfied that

3  Defendant had an objectively reasonable basis for believing that Plaintiff moved to California and

4  that diversity jurisdiction existed.

5        Plaintiff further claims that Defendant removed in bad faith, pointing to Defendant's filing in

6  the Florida action where Defendant stated Plaintiff's last known place of residence was in Florida.

7  The Court declines to parse Defendant's subjective beliefs concerning Plaintiff's residency. Finally,

8  Plaintiff's insistence that Defendant wrongfully refused to stipulate to remand following Plaintiff's

9  revelations in his Florida testimony is without merit. Defendant's desire to have Plaintiff clarify,

10  and produce evidence of, his allegations on the record in this action is both reasonable and prudent

11  given Plaintiff's earlier representations in his Complaint.

12        Therefore, the Court declines Plaintiff's request for costs and fees.

13        **D.**    **Motion to Compel Arbitration**

14        Because the Court finds that it must remand this case, it does not reach the merits of

15  Defendant's Motion to Compel Arbitration. The Court accordingly denies Defendant's Motion

16  without prejudice.

17  **IV.**    **CONCLUSION**

18        For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand, DENIES

19  Plaintiff's request for costs and fees, and DENIES Defendant's Motion to Compel Arbitration

20  without prejudice. Accordingly, the Court REMANDS the case to state court.

21        IT IS SO ORDERED.

22

23  Dated: February 10, 2012

24

25                        JOSEPH C. SPERO
                      United States Magistrate Judge

26

27

28

United States District Court

For the Northern District of California

10