UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GRIECO,<br><br>            Plaintiff,<br><br>     v.<br><br>WORLD FUEL SERVICES, INC., and DOES 1 through 50, inclusive,<br><br>            Defendants.<br>_____/ | Case No. C-11-05672 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS, AND DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

## I. INTRODUCTION

Plaintiff initiated this action on November 17, 2011 in the Superior Court of the City and County of San Francisco, seeking declaratory and injunctive relief regarding a disputed employment agreement between the Plaintiff, Mark Grieco, and his former employer, the Defendant, World Fuel Services, Inc. ("WFS"). Defendant removed the case to federal court based on diversity jurisdiction. Plaintiff now brings a Motion to Remand and for Fees and Costs ("Motion to Remand"). Defendant WFS opposes the Remand Motion, and brings a Motion to Compel Arbitration or, in the Alternative, to Transfer Venue ("Motion to Compel Arbitration"), asking the Court to dismiss the complaint or stay the proceedings pending arbitration. Plaintiff opposes Defendant's motion. The Court finds that the motions are suitable for disposition without oral argument pursuant to Local Rule 7-1(b). Accordingly, the hearing on the motions set for Friday, March 2, 2012 at 9:30 a.m. is VACATED. For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand, DENIES Plaintiff's

request for fees and costs, and DENIES Defendant's Motion to Compel Arbitration without prejudice.[1]

## II. BACKGROUND

### A. The Complaint

In his Complaint, Plaintiff alleges that Defendant WFS is a Florida corporation with its principal place of business in Florida. Complaint, ¶ 4. After twenty years of employment with WFS, Plaintiff resigned from the company on or about August 31, 2011. *Id.* at ¶¶ 10, 14. At the time of his resignation, Plaintiff "work[ed] out of Florida" as a fuel broker of aviation jet fuel. *Id.* at ¶ 10. Plaintiff subsequently "accepted employment in California with Chemoil" and "obtained a place of residence in California." Complaint, ¶¶ 3, 15. Plaintiff "will be employed . . . and work out of . . . San Francisco." *Id.* at ¶ 16.

WFS is a global leader in the downstream marketing and financing of aviation, marine, and ground transportation fuel products and related services. *Id.* at ¶ 8. Chemoil is one of the leading physical suppliers of aviation jet fuel. *Id.* at ¶ 9. Chemoil's primary office for its North American trading operation for aviation jet fuel is in San Francisco, California. *Id.*

The employment agreement between the parties contains a noncompete clause, which Plaintiff seeks to have declared invalid and its enforcement enjoined. *Id.* at ¶¶ 29, 35, 42. Plaintiff argues that the noncompete provision in the contract is an unlawful restraint of trade and should be declared void. *Id.* at ¶ 27 (citing Cal. Bus. & Prof. Code §§ 16600 and 17200 *et seq.*; *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998)). Plaintiff also seeks a judgment declaring that, under California law, (1) Plaintiff's employment by Chemoil does not violate any duty owed to WFS, (2) Chemoil may lawfully employ him in California, and (3) he is free to work in his chosen profession. *Id.* at ¶¶ 29, 35. Finally, Plaintiff seeks a preliminary and permanent injunction prohibiting the enforcement of the noncompete clause in violation of Section 17200 and

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2

prohibiting WFS from commencing a second-filed action in another forum encompassing or involving the same subject matter of this lawsuit. *Id.* at ¶ 42.

### B. Defendant's Notice of Removal

On November 23, 2011, Defendant removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant's Notice to Federal Court of Removal ("Removal Notice"), 1. Defendant asserts the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and that the amount in controversy exceeds $75,000. *Id.* at ¶ 1. Defendant states that WFS is incorporated in Texas and its principal place of business is in Miami, Florida. *Id.* at ¶ 19. Defendant further asserts that "Plaintiff's Complaint establishes that he resides in California, and intends to work and reside in California indefinitely." *Id.* at ¶ 20 (citing Complaint, ¶¶ 3, 15, 16). "As such," Defendant concludes, "Plaintiff resides in the state of California, and is a citizen of that State for purposes of this jurisdictional analysis." *Id.* (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

### C. Defendant's Motion to Compel Arbitration

On November 30, 2011, Defendant filed its Motion to Compel Arbitration, arguing, among other things, that the arbitration provision in the employment agreement demands that the parties arbitrate the dispute in Miami, Florida. Motion to Compel Arbitration, 1. Plaintiff filed an opposition to Defendant's motion in which he contests that the arbitration provision is enforceable. Plaintiff's Opposition to Defendant's Motion to Compel Arbitration or, in the Alternative, to Transfer Venue ("Opposition to Motion to Compel Arbitration"), 1-2. Plaintiff did not dispute the Court's jurisdiction. The hearing for Defendant's Motion to Compel Arbitration was eventually set for February 3, 2012. *See* Dkt. No. 16.

### D. Plaintiff's Motion to Remand

Twenty one days after the close of briefing on Defendant's motion, Plaintiff filed his Motion to Remand, stating for the first time in this action that at the time of removal Plaintiff was a resident and citizen of Florida. Motion to Remand, 1. Because WFS is a Florida corporation, diversity does

3

not exist. *Id.* Plaintiff provides a transcript of testimony he gave in a related action in Florida state court on December 27, 2011 as evidence of his Florida residency. *Id.* at 3. Plaintiff asserts that he testified to the fact that "he has not yet moved to California," "has never lived in California," and "presently still lives in Florida where he has lived for the past twenty years." *Id.* Plaintiff states that his testimony merely "confirm[s] that he has procured a residence in California, and will relocate [to California] if he is permitted to work in this state." *Id.* (citing Declaration of Stephen Dye in Support of Plaintiff's Motion to Remand ("Dye Decl.") Ex. C (Grieco Testimony Excerpts), 30: 9-31, 11, 62: 16, 63: 2).

Plaintiff also argues that he is entitled to the fees and costs he has incurred as the result of removal, amounting to $25,536.39, because WFS "lacked an objectively reasonable basis for removal" and "engaged in bad faith." *Id.* at 6 (citing *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446-47 (9th Cir. 1992); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Plaintiff cites three reasons why Defendant's behavior warrants an order for fees and costs. First, Plaintiff contends that WFS "knew that Greico resided in Florida when it removed his California state case." *Id.* As evidence of this knowledge, Plaintiff points to Defendant's Florida complaint filed on November 21, 2011—four days after Plaintiff filed his California complaint and two days before Defendant removed the California action—where Defendant stated that Plaintiff's "last known place of residence is in Broward County, Florida." *Id.* (citing Dye Decl. Ex. B (Def.'s Florida Complaint), ¶ 3). Second, Plaintiff argues that his complaint did not provide Defendant with a reasonable basis for removal. *Id.* at 7. Nowhere in his complaint, Plaintiff maintains, "did he say: he is a citizen of California; that he presently lives in California; or that he has commenced work for Chemoil in California." *Id.* Plaintiff asserts that, given Defendant's representations to Plaintiff's Florida residency in its Florida complaint, Defendant "plainly had an obligation to verify Grieco's citizenship before removing this action." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Finally, Plaintiff contends that even if Defendant had an objectively reasonable basis for removal, Defendant was obligated to withdraw its notice of removal after Plaintiff testified to his Florida residency on December 27. *Id.* at 7-8 (citing *Dietrich v. Cooperstein*, 1995 WL 59494, at *4

4

(N.D. Cal. Feb. 8, 1995)). Defendant's failure to do so constitutes bad faith, Plaintiff asserts. *Id.* at 7.

### E. Defendant's Opposition to the Motion to Remand

In Defendant's opposition to Plaintiff's motion, Defendant first objects to Plaintiff's use of his testimony in the Florida action to prove his Florida residency, asserting that the testimony is inadmissible hearsay. Defendant's Opposition to Plaintiff's Motion to Remand ("Opposition"), 3-4 (citing Fed. R. Evid. 801(c)). Defendant argues that Plaintiff's testimony does not fall under the "former testimony" exception to the hearsay rule because that exception requires the declarant to be unavailable and Plaintiff has made no showing that he is unavailable to testify at this proceeding. *Id.* at 4 (citing Fed. R. Evid. 804(b)(1)). Therefore, Defendant concludes, Plaintiff's Florida testimony is inadmissible for asserting the truth of the jurisdictional facts testified to therein. *Id.* at 4. Defendant acknowledges that, instead of submitting inadmissible evidence, Plaintiff could submit "declaration testimony . . . establishing his domicile and citizenship in Florida." *Id.*

Defendant further contends in its Opposition that Plaintiff's complaint "establishes Plaintiff's domicile in California as a prima facie matter." *Id.* at 5-6 (citing Complaint, ¶¶ 3, 15, 16). Defendant rejects Plaintiff's suggestion "that his allegation in the Complaint that he *obtained* a residence in California is not an allegation that he actually *resides* in California." *Id.* at 6. Defendant argues that the only allegations in the Complaint regarding Plaintiff's residence are that he has a residence in California. *Id.* Defendant also states that where a prima facie case of citizenship is established, the burden of production on a motion to remand shifts to the plaintiff seeking remand to produce evidence to rebut the jurisdictional bases for removal. *Id.* at 5 (citing *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162 (E.D. Cal. 2008)). Plaintiff here, Defendant contends, "has not submitted *any* admissible evidence of residence, domicile, or citizenship in Florida, or anywhere else for that matter." *Id.* at 6.

1   Consequently, Defendant argues that Plaintiff has not met his burden of production on the motion
2   and therefore his motion must be denied. *Id.*

3   Defendant next argues that even if the Motion to Remand is granted, an award of fees would
4   be inappropriate and would constitute an abuse of discretion because Defendant had a supportable,
5   good-faith basis for removal. *Id.* at 7 (citing *Schmitt v. Ins. Co. of No. Am.*, 845 F.2d 1546, 1552
6   (9th Cir. 1988); *Solorzano v. Am. Nat'l Ins. Co.*, 609 F. Supp. 144, 146 (C.D. Cal. 1985). Defendant
7   rejects Plaintiff's assertion that Defendant's statement in its Florida complaint that its last known
8   address for Plaintiff was in Florida constitutes evidence of bad-faith removal. *Id.* Rather, Defendant
9   argues, Defendant's knowledge of Plaintiff's last known address is irrelevant; the relevant question
10  for removal "is what Defendant knew based on the jurisdictional allegations in the Complaint in this
11  action . . . ." *Id.* at 8. Defendant maintains that it knew "Plaintiff had been maneuvering to accept a
12  position with Chemoil" and feared that Plaintiff would "relocate[] to California and [attempt] to
13  bring suit to prevent enforcement of his obligations." *Id.* The allegations in Plaintiff's Complaint
14  "provided [Defendant] with confirmation of its fears." *Id.*

15  Defendant also rejects Plaintiff's argument that Plaintiff's testimony imposed upon
16  Defendant a duty to remand this action. *Id.* at 8-9. Defendant contends that it is "entitled to rely on
17  the allegations pled on the face of the Complaint in removing, and now continuing to assert federal
18  diversity jurisdiction." *Id.* at 9. Moreover, to the extent Plaintiff's testimony is relevant and
19  admissible, it shows that Plaintiff presented contradicting allegations as to his residency, Defendant
20  argues. *Id.* Plaintiff's testimony—where he stated "that he had no residence in California, was
21  unemployed, and was never asked by Chemoil to relocate to California"—contradicted his
22  Complaint and made it "unclear which set of allegations is true." *Id.* (citing Declaration of Lucas V.
23  Munoz in Support of Defendant's Opposition to Plaintiff's Motion to Remand, Ex. B (Grieco
24  Testimony Transcript), 29, 31, 47, 49, 69).

25  Finally, Defendant argues that even if Plaintiff is awarded fees and costs, the figure Plaintiff
26  requests is "entirely unreasonable." *Id.* at 10.

### F. Plaintiff's Reply to the Opposition

Plaintiff's Reply includes a declaration by the Plaintiff wherein he states:

1. I live in Cooper City, Florida. I have lived in Florida for approximately 20 years. I have never lived in California.

2. I have accepted employment with Chemoil Corporation, which is headquartered in California. I have not yet commenced that employment. If I am permitted to work in California, I intend to move to California. For that purpose, I have arranged for a residence in California.

Declaration of Mark Grieco in Support of his Motion to Remand ("Grieco Decl."), 2. Plaintiff argues that his future plan to live in California is consistent with the statements in his Complaint. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Reply"), 4-5. Plaintiff also reasserts his argument that Defendant's alleged subjective knowledge of Plaintiff's Florida residency makes removal and Defendant's unwillingness to stipulate to remand improper. *Id.* at 6-7.

## IV. ANALYSIS

### A. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Citizenship for diversity jurisdiction purposes is based on the party's "domicile." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A person is domiciled in a location "where he or she

7

1 has established a fixed habitation or abode in a particular place, and [intends] to remain there
2 permanently or indefinitely." *Id.* (quoting *Owens v. Huntling*, 115 F.3d 814, 819 (9th Cir. 1940))
3 (internal quotation marks omitted).  A change in domicile requires both physical presence at a new
4 location and an intent to remain in that new location indefinitely.  *Id.* at 750.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."
*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

### B. Whether There is Diversity Jurisdiction

The parties do not dispute that WFS has its principal place of business in Florida.  Because a corporation is deemed a citizen of the state in which it has its principal place of business, WFS is considered a citizen of Florida for diversity jurisdiction purposes.[2]  28 U.S.C. § 1332(c)(1).  The only issue is whether Plaintiff was a citizen of Florida or California at the time the action was removed.  If Plaintiff was a citizen of Florida at that time, there will be no diversity and this action must be remanded.

Plaintiff supports his Motion to Remand with two pieces of evidence: his declaration testimony and his in-court testimony in a separate action in Florida.  Both items of evidence purport to establish Plaintiff's Florida citizenship.  Defendant does not put forward any evidence of Plaintiff's California citizenship, and instead points to the Complaint as clearly establishing such citizenship.  Even if the Complaint could be read as unambiguously indicating Plaintiff's California residency, the Court finds that Plaintiff's declaration, in the absence of any evidence from Defendant to the contrary, requires this Court to remand the action to state court.  Plaintiff's declaration states that he has "never lived in California," and that he has lived in Florida for twenty years and lives

---

[2] A corporation is also deemed to be a citizen of the state of its incorporation.  28 U.S.C. § 1332(c)(1).  The parties here present conflicting assertions as to WFS' state of incorporation.  According to Plaintiff, it is Florida; Defendant contends it is incorporated in Texas.  The Court need not decide the matter, however, because even if WFS is also a citizen of Texas, that fact will not affect the outcome of the diversity jurisdiction analysis.

1  there currently. Grieco Decl. at 2. Plaintiff further states his intention to move to California if he is
2  allowed to work for Chemoil, and that he has "arranged" for a residence in California for that
3  purpose. *Id.* In light of this uncontested declaration, the Court cannot conclude that Plaintiff had a
4  physical presence in California and an intent to remain in the state indefinitely at the time of the
5  notice of removal. *See Lew*, 797 F.2d at 750. Rather, the declaration suggests that Plaintiff was a
6  citizen of Florida at that time. Because there is at least a doubt as to the propriety of the removal,
7  federal jurisdiction must be rejected. *See Gaus*, 980 F.2d at 566.[3]

### C. Whether Fees and Costs Should be Awarded

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The *Martin* court explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal. *Id.* at 1066-67.

The Court declines to impose costs and fees in this case given Plaintiff's representations in his Complaint. Plaintiff asserts in his Complaint that he "accepted employment in California with Chemoil" and "obtained a place of residence in California," and that he "will be employed . . . and

---

[3] The Court does not rely on Plaintiff's Florida testimony in coming to its conclusion. As Defendant points out, the Florida testimony is inadmissible hearsay when offered to prove the truth of the jurisdictional facts in the testimony. Fed. R. Evid. § 801(c). The testimony does not fall under the "former testimony" exception to the hearsay rule because Plaintiff has given no indication that he is unavailable to provide testimony at this proceeding. *See* Fed. R. Evid. § 804(b)(1).

work out of . . . San Francisco." Complaint at ¶¶ 3, 15, 16. He does not make any indication that he still resides in Florida. In light of these statements and omissions, the Court is satisfied that Defendant had an objectively reasonable basis for believing that Plaintiff moved to California and that diversity jurisdiction existed.

Plaintiff further claims that Defendant removed in bad faith, pointing to Defendant's filing in the Florida action where Defendant stated Plaintiff's last known place of residence was in Florida. The Court declines to parse Defendant's subjective beliefs concerning Plaintiff's residency. Finally, Plaintiff's insistence that Defendant wrongfully refused to stipulate to remand following Plaintiff's revelations in his Florida testimony is without merit. Defendant's desire to have Plaintiff clarify, and produce evidence of, his allegations on the record in this action is both reasonable and prudent given Plaintiff's earlier representations in his Complaint.

Therefore, the Court declines Plaintiff's request for costs and fees.

### D.    Motion to Compel Arbitration

Because the Court finds that it must remand this case, it does not reach the merits of Defendant's Motion to Compel Arbitration. The Court accordingly denies Defendant's Motion without prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand, DENIES Plaintiff's request for costs and fees, and DENIES Defendant's Motion to Compel Arbitration without prejudice. Accordingly, the Court REMANDS the case to state court.

IT IS SO ORDERED.

Dated: February 10, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge